IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES of AMERICA                    PLAINTIFF/RESPONDENT

V.                          No.  2:09-CR-20067
                            No.  2:12-CV-02062

OSCAR ARMANDO ORTIZ                         DEFENDANT/PETITIONER

## REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions (*ECF No.* 23) filed March 29, 2012, under 28 U.S.C. §2255.  The Government filed its Response *(ECF No.* 26) on April 23, 2012.

### I. Background

On November 19, 2009, a Complaint was filed alleging Oscar Armando Ortiz, ("Ortiz"), illegally re-entered the United States after being previously deported for a conviction of a crime defined as an aggravated felony. (ECF No. 1).  On December 9, 2009, Ortiz was named in a one-count Indictment filed in the United States District Court for the Western District of Arkansas. The Indictment charged Ortiz with being an alien who had been convicted of Sexual Assault 4th Degree in the Circuit Court of Sebastian County, Arkansas, an aggravated felony, and thereafter he was removed or deported from the United States pursuant to law, was found to be unlawfully in the United States in the Western District of Arkansas, Fort Smith Division, having not obtained the consent of the Secretary of Homeland Security for re-entry into the United States, pursuant to Title 6 U.S.C. § 202(3) & (4) and Title 6 U.S.C. § 557, in violation of Title 8 U.S.C. § 1326(a) and (b)(2). (ECF No. 7).

-1-

On February 2, 2010, Ortiz appeared with counsel before the Honorable Robert T. Dawson for a change of plea hearing. (ECF No. 15). A written plea agreement was presented to the court which set forth that Ortiz would agree to plead guilty to the One Count Indictment which charged him with being a previously deported alien who re-entered the United States without having neither sought not obtained permission from the Attorney General or the Department of Homeland Security to re-enter the United States. (ECF No. 16).

The District Court tentatively approved the Plea Agreement and ordered a Presentence Investigation Report ("PSR"). On March 5, 2010, the Probation Office issued Ortiz's PSR. The PSR assessed a base offense level of 8. (PSR ¶ 9). The PSR added a 16-point enhancement because Ortiz was previously deported after a felony conviction for a crime of violence, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). (PSR ¶ 10). Ortiz received a 3-point reduction for acceptance of responsibility (PSR ¶ 15) resulting in a Total Offense Level of 21. (PSR ¶ 16). Ortiz was assessed 8 points of criminal history, putting him in criminal history category IV. (PSR ¶ 24). The resulting advisory guideline range was 57 to 71 months. (PSR ¶ 38). Neither the United States nor Ortiz had any objections to the PSR, however, the Probation Office made two corrections and revised the PSR. (PSR Add. dated March 22, 2010).

On April 7, 2010, Ortiz appeared for sentencing. (ECF No. 18). The District Court adopted the advisory guideline range as set forth in the PSR and sentenced Ortiz to a bottom-of-the guideline-range sentence of 57 months imprisonment, 3 years supervised release, $500 fine, and $100 special assessment. (ECF No. 21).  Judgment was entered on April 9, 2010 (ECF No. 21) and Ortiz did not appeal his conviction or sentence.

On March 29, 2012, Ortiz filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 23) alleging his

counsel performed deficiently for failing to (1) to timely object to the PSR and (2) to request a

reduction from the Guidelines range based on a Fast-Track disparity program. (ECF No. 23).

## II.  Discussion

### A.  Untimeliness of Motion

The Defendant's Petition is barred because it is untimely.

#### 1.  Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a §2255

motion must be filed within one year of "the date on which the judgment of conviction becomes

final." See 28 U.S.C. § 2255(f); *Campa-Fabela v. United States*, 339 F.3d 993 (8th Cir. 2003).

Under 2255 where a Petitioner does not file a direct appeal, his conviction becomes final  when

the period for filing a notice of appeal expires. *See Never Misses A Shot v. United States*, 413

F.3d 781, 782 (8th Cir.2005) (noting that, where defendant failed to file direct appeal, his

conviction became final ten days after the entry of judgment);  The time has since been extended

to 14 days.  (See Fed. R.App. P. 4(b)(1)(A) (indicating a defendant in a criminal case has 14 days

to file a notice of appeal)). The Defendant's conviction became final on April 21, 2010, when

fourteen days passed without filing an appeal.  Since his Motion was not filed until March 29,

2012 his motion is not timely.

The Defendant contends that his untimely motion should be excused because he

"requested timely review of his sentence from counsel of record".  (ECF No. 23, p. 12).

#### 2. Equitable Tolling

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources).   Finally, "[t]he petitioner must also demonstrate he acted with due diligence in pursuing his petition." *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (*citing United States v. Martin,* 408 F.3d at 1095).

Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard. *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002); *see also Rouse v. Lee*, 339 F.3d 238, 248-49 (noting that a majority of the circuits have held that basic attorney errors such as miscalculation of a filing deadline are generally insufficient to support equitable tolling). It is acknowledged, though, that serious attorney misconduct, as opposed to mere negligence, "may warrant equitable tolling." *Beery*, 312 F.3d at 952.

The Defendant contends that his untimely filing was due to his attorney's failure to file an appeal.  If an attorney has consulted with his client about an appeal, he will not be found ineffective unless he fails to follow "express instructions with respect to an appeal." *Roe v.Flores-Ortega*, 528 U.S. 470, 478, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). The Defendant

does not  assert in his Motion or his brief when or how he instructed his attorney to file an appeal but merely makes the conclusory statement that he "requested timely review of his sentence". See *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.) (vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255), cert. denied, 479 U.S. 965, 107 S.Ct. 468, 93 L.Ed.2d 412 (1986); *Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal).

In addition, the Defendant makes no claim nor asserts any fact concerning why he failed to discover that no appeal had been filed until after the statute of limitations had expired.   There is no assertion that he ever made any attempt to contact his attorney concerning the status of an appeal.  A duly diligent person would have discovered that no appeal had been filed well before the one year statute of limitations ran out.  *See Anjulo- Lopez v. U.S.*,  541 F.3d 814, 818 (C.A.8 (Mo.),2008) (Because we think it apparent that a duly diligent person in Anjulo-Lopez's circumstances would have discovered counsel's failure to notice an appeal well over a year before he filed his motion, we conclude that the district court did not abuse its discretion in dismissing the petition as time-barred without an evidentiary hearing.)

The Defendant's claim is barred by limitations, but, even if not barred, it is without merit.

**B.  Ineffective Assistance of Counsel**

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255.  *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000);  2254. *Cox v. Wyrick,* 642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v  Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the

reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).

### 1. Timely Objection to PSR

Ortiz first claims his counsel failed to timely object to the PSR. Ortiz does not allege what objections his counsel should have made or what curative actions needed to be taken regarding his PSR. Rather, Ortiz relies on his conclusory statement in his § 2255 Motion that his counsel failed to timely object to the PSR.

Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.). *See also Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal). Accordingly, relief is not warranted on this ground.

### 2. Fast Track Relief

Next, Ortiz argues his counsel rendered ineffective assistance by failing to request a reduction from the Guideline range based on the disparate treatment between districts with a fast track program for illegal aliens and those that do not have one. (ECF No. 24, p. 3).

At the time the Defendant was sentenced, April 2010, the Western District of Arkansas did not have any fast track program in place.  The Eighth Circuit had previously held that "variances based on the absence of fast-track programs are impermissible." See *United States v. Sebastian*, 436 F.3d 913, 916 (8th Cir.2006).  The Eighth Circuit recently determined that the precedent established by *Sebastian* had been undermined by the Supreme Court's intervening decision in *Kimbrough ( See Kimbrough v. U.S.*, 552 U.S. 85, 2007) and they went on to state that "the absence of a [F]ast-[T]rack program and the resulting difference in the guidelines range should not be categorically excluded as a sentencing consideration." *U.S. v. Jimenez-Perez*  659 F.3d 704, 710 (C.A.8 (Mo.) October 2011).  The *Jimenez-Perez* decision was handed down after the Defendant was sentenced.

Since the sentencing court was still guided by *Sebastian* at the time the Defendant was sentenced it was not ineffective assistance to raise an argument that would not have been accepted by the court. It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.*  905 F.2d 218, 219 (C.A.8 (Minn.),1990).

It is also clear that the Defendant's counsel would have been able to have established that he would have qualified for an existing fast track program.  Ortiz would not have been eligible for fast track disposition because he did not waive appeal nor did he waive the right to seek post-conviction relief under § 2255. "To receive leniency in any fast-track district, a defendant must, as a starting point, promptly plead guilty, agree to a factual basis for the offense, and waive

his rights to file pretrial motions, to appeal, and to seek post conviction relief under § 2255." Ramirez, --- F.3d ---, 2011 WL 6450620 at (citing Memorandum from the U.S. Attorney General to U.S. Attorneys (Sept. 22, 2003)). Notably, the plea agreement in the instant case contains neither a waiver of appeal nor a waiver of collateral attack.

Furthermore, Ortiz had a prior sexual assault conviction (PSR, ¶ 23) and the PSR added a 16-point enhancement because Ortiz was previously deported after a felony conviction for a crime of violence, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). (PSR ¶ 10). Illegal reentry defendants are excluded from fast-track consideration for, among other things, having been convicted of crimes of violence. (See Principles for Implementing An Expedited or Fast-Track Prosecution Program; http://www.justice.gov/ag/readingroom/ag-092203.pdf, September 22, 2003). This includes convictions for murder, kidnaping, voluntary manslaughter, forcible sex offenses and child-sex offenses. Ortiz's prior sexual assault conviction would have precluded his eligibility from any fast-track program. Since the Defendant had no ability to qualify for a fast track program he cannot show prejudice because of the lack of a fast track program in the district at the time of his sentencing.

Even if the Defendant's Motion would have been timely filed he has failed to establish either deficient performance by his attorney or that he suffered any prejudice.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **dismissed** with **prejudice**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file**

**timely written objections may result in waiver of the right to appeal questions of fact.  The**

**parties are reminded that objections must be both timely and specific to trigger de novo**

**review by the district court.**

DATED this 9th day of May 2012

*/s/ J. Marschewski*

HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE  JUDGE